THE HOLT LIVE STOCK COMPANY v. WATKINS.

CONDITIONAL SALE.
There can be no recovery for the price of an article sold upon condition
that it shall not be paid for unless certain results occur from its
use, in the absence of proof that it fulfilled the condition.

*Error to the County Court of Arapahoe County.*

Messrs. RIDDELL, STARKWEATHER & DIXON, Mr. T. J.
O'DONNELL and Mr. W. S. DECKER, for plaintiff in error.

Mr. W. W. ANDERSON, for defendant in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

The defendant in error, as plaintiff below, brought his
action to recover of the defendant company the sum of $875
for sheep dip alleged to have been sold and delivered by the
plaintiff to the defendant.   The answer contained a general
denial of the allegations of the complaint, and a further de-
fense that the plaintiff, as the agent of William Cooper &
Nephews, and for and in behalf of his principals, sold this dip
upon the express agreement that it was not to be paid for
unless it effected a cure of defendant's sheep, which at that
time were suffering from scab, and that such condition
failed because the cure was not accomplished.

Trial was had before the court without a jury, and while
no specific findings of fact were made by the court, the issues
generally were found in favor of the plaintiff, and judgment
was rendered against the defendant in the sum of $875.   To
reverse this judgment the defendant prosecutes this writ of
error.

A number of errors have been assigned by the plaintiff in
error, and from an examination of the record it would seem
that some of the rulings of the court upon questions of evi-

dence were wrong, and of themselves might be sufficient ground for reversal, but our judgment will be based solely upon the insufficiency of the evidence to support the findings.

There was an apparent conflict in the testimony as to the character of the transaction, but a careful examination of the evidence shows that there is no real controversy as to the material facts.

It is true that the salesman of the plaintiff, who testifies in the latter's behalf, states, rather as a conclusion than as a fact, that there were no conditions connected with the sale and delivery of that portion of the goods included in the first five shipments. At the same time, however, there is admitted as true the testimony of the president of the defendant company as to the existence of certain negotiations between the parties, which establish the fact that the condition set up in the answer attached to the sale and delivery of all the goods which the defendant received.

The telegrams and letters which passed between the principals and their agent, and between the principals and the defendant company, which are uncontradicted, make it clear to our minds beyond controversy that from the admitted facts the conclusion of law is inevitable that the sale was a conditional one, and that no payment for the goods was to be made by the defendant unless the defendant's sheep were cured by the application of the dip. This evidence cannot be said to be shaken by the bald statement of the plaintiff that no condition attached, when he also admits the truth of defendant's testimony, the existence of which necessarily creates a condition.

There being an entire absence of proof that this condition was fulfilled, we find no justification in the evidence, or in the record, for the findings and judgment of the trial court. The judgment will, therefore, be reversed, and the cause remanded.

*Reversed.*